RECEIVED

MAR 3 1 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MELANIE TAYLOR

DOCKET NO.: 1:14-cv-0392

VERSUS

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

ERIC K. SHINSEKI, et al.

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss (Doc. 38) filed on behalf of Mary Andrus ("Andrus") and Barbara Nugent ("Nugent") which was referred to me by the District Judge for report and recommendation.

## FACTS

Melanie Taylor ("Taylor") worked in Lafayette, Louisiana as a Licensed Practical Nurse ("LPN") for Lafayette Community Based Outreach Clinic ("LCBOC"), a subsidiary of the VA Medical Center in Alexandria, Louisiana.  Nugent was one of Taylor's supervisors and Andrus was a co-worker and fellow LPN.

Between June 2011 and May 2012, Andrus made hostile, threatening and offensive comments about Taylor to others at LCBOC. Some of the comments made were that Taylor was a "junkie"; she was dating a female co-worker and "gay"; she slept with patients for money; and, she was jealous because she was "kicked out of the RN clique".  Taylor was unaware Andrus made these comments until May

7, 2012.  At that time, Taylor also learned Andrus complained to Nugent and a manager with the Office of Regional Management Alternative Dispute Resolution that Taylor used her position in the union to intimidate Andrus.

On May 14, Taylor asked her first supervisor, Garalyn Shelvin ("Shelvin"), for a meeting with Andrus to discuss the comments made and the hostile work environment created as a result thereof.  The requested meeting was held the next day.  During the meeting, Andrus apologized to Taylor but afterward, Andrus contacted Shelvin and denied all allegations.  The information disclosed in the meeting was reported by Shelvin to Nugent but neither supervisor took further action to remedy Taylor's complaint of hostile work environment.

The following week, Andrus contacted the Nurse Executive in Alexandria and falsely reported Taylor was a bully and created a hostile work environment.  A fact finding investigation into Taylor's alleged wrongful conduct was held on June 19, 2012.  During the hearing, investigators uncovered the fact it was Andrus, not Taylor, who created the hostile work environment.

On July 11, 2012, Taylor filed a formal charge with the Department of Veterans Affairs Office of Employment Discrimination alleging harassment by Andrus and complaining about management's failure to address the situation.

On September 26, 2012, LCBOC's facility director ordered

Andrus's temporary reassignment to the Jennings office and an investigation into Taylor's complaints by the Administrative Investigation Board ("AIB").  Taylor continued to fear Andrus would return to carry out the threats of harm despite the fact she was transferred.  The AIB released the results of its investigation on November 5, 2012 and confirmed Andrus' comments created a hostile work environment and recommended her permanent reassignment.

On August 21, 2013, the VA Office of Discrimination issued its decision finding Taylor was discriminated against based on sex and the Agency was liable.

On October 25, 2013, Taylor received an exceptional performance evaluation but on November 1, 2013, Taylor learned Nugent, who no longer served as Taylor's supervisor "unilaterally- and without justification- lowered Taylor's performance evaluation from 'Excellent' to 'Fully Successful'".  Nugent's actions were in response to Taylor's filing of a charge of discrimination on April 25, 2013.

On September 18, 2013, Taylor filed a complaint in the District of Columbia and named Eric K. Shinseki ("Shinseki"), Secretary of Veterans Affairs, as the defendant.  Taylor asserted claims of harassment based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended, Section 701 *et seq.*, 42 U.S.C. 2000e *et seq.*, as well as state law tort claims of assault, negligent hiring, training and supervision, and intentional

3

infliction of emotional distress.   The complaint was amended a total of three times to add defendants and claims.   In the third and final amended complaint, Taylor asserted claims against Shinseki, Andrus and Nugent discrimination claims of harassment based on sex and retaliatory discrimination and state law tort claims of assault, slander, negligent hiring, training and supervision, vicarious liability and intentional infliction of emotional distress.

The lawsuit was transferred to this court on February 11, 2014 and Andrus and Nugent promptly filed the instant motion to dismiss (Doc. 38).   Taylor filed her opposition on March 19, 2014 but defendants did not file a reply.

As all delays for filing responses have run, the matter is ripe for consideration and the issuance of this Report and Recommendation.

<u>LAW AND ANALYSIS</u>

Defendants contend the claims against them should be dismissed.   In support, they assert three arguments: (1) Title VII precludes Taylor's tort claims as they are based upon the same facts giving rise to her discrimination claims; (2) Title VII requires the head of the department, not individual employees, be named as the defendant; and, (3) 28 U.S.C. §2679 provides immunity from liability to federal employees for tortuous acts committed while acting within the course and scope of their employment.

4

Taylor does not dispute the fact Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."   <u>Brown v. General Services Administration</u>, 425 U.S. 820, 829 (1976); <u>Pfau v. Reed</u>, 125 F.3d 927, 932-933 (5th Cir. 1997), vacated and remanded on other grounds, 525 U.S. 801, pertinent holding reinstated, 167 F.3d 228, 229 (5th Cir 1999); <u>Jackson v. Widnall</u>, 99 F.3d 710, 716 (5th Cir. 1996) citing <u>Brown</u>, 425 U.S. 820 (1976); <u>Hampton v. IRS</u>, 913 F.2d 180, 182-183 (5th Cir. 1990).   Nor does she dispute the fact that a government employee filing a civil action for discrimination must name the head of the department, agency, or unit as the only defendant.   42 U.S.C. §2000e-16(c).   What she does dispute is whether the state tort claims asserted against Nugent and Andrus arise from the same facts giving rise to her discrimination claims.

Taylor asserts her state law tort claims of assault, negligent hiring, training and supervision, intentional infliction of emotional distress, vicarious liability and slander per se are based on facts arising between June 2011 and May 2012; whereas, her discrimination claims are based upon facts arising on various dates thereafter.   This contention lacks merit, much less common sense as Taylor's harassment claims arise directly from the fact Andrus made "hostile, threatening and offensive" comments from June 2011 through May 2012.   Had Andrus not made the comments, Taylor would have no reason to complain to Shelvin about a hostile work

environment and neither Shelvin, Nugent or any other VA employee would have had a reason to address the complaint.  Further, without the existence of the comments, there could be no finding that the Agency was liable to Taylor for discrimination based on sex.

Having found that the tort claims are preempted by Title VII and the only proper defendant in this lawsuit is Shinseki, there is no need to address Andrus' and Nugent's claims of qualified immunity.  Accordingly,

**IT IS HEREBY RECOMMENDED** that Andrus' and Nugent's motion to dismiss (Doc. 38) should be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that all state law tort claims be **DISMISSED WITH PREJUDICE** as they are preempted by Title VII and this court is without jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the  proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.    See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 24th day of March, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE